BUTLER BROTHERS, C/O FRANK P. DOW CO., INC. *v.* UNITED STATES

No. 7471.—Invoice dated Yokohama, Japan, November 29, 1939.
Certified November 30, 1939.
Entered at San Francisco, Calif., December 27, 1939.
Entry No. 5165.

(Decided December 11, 1947)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

CLINE, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

(1) that the merchandise in suit consists of electric light bulbs from Japan, invoiced and entered as follows:

| Case | Description of merchandise | Invoice value 100 pcs. Yen | Entered value 100 pcs. Yen |
|---|---|---|---|
| #70873 | 5,000 Electric Tungsten Bulbs w/miniature base 2.5 V. Flashlight Lamps #77–5802. | 1. 65 | 1. 65 |
| #70874 | 3,000 Electric Tungsten Bulbs w/miniature base 2.5 V. Flashlight lamps #77–5802. | 1. 35 | 1. 65 |
| #70875 | 2,500 Electric Tungsten Bulbs w/miniature base 3.8 V. Flashlight lamps #77–5803. | 2. 20 | 2. 20 |
| #70876 | 1,000 Electric Tungsten Bulbs w/miniature base 3.8 V. Flashlight lamps #77–5803. | 1. 80 | 2. 20 |

(2) that the entered values for the said merchandise as above stated represent the prices at which such or similar merchandise is freely offered for sale to all purchasers, at the time of exportation of the instant merchandise, in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

(3) that there was no other or higher export value for such merchandise.

(4) that in this case, there was no finding of dumping under the terms of the Anti-dumping Act of 1921.

(5) that the above named appeal may be and hereby is submitted for decision upon this stipulation.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the entered values.

Judgment will be rendered accordingly.